UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| NIVIA FRATICELLI-TORRES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> C.D.T. DR. ARNALDO GARCIA RIVERA, et al., <br><br> Defendants. | Civil No. 04-1639(JAF) |

**O R D E R**

Plaintiffs move to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).  <u>Docket Document No. 89</u>.

Motions for reconsideration "are entertained by courts if they seek to correct manifest errors of law or fact, present newly-discovered evidence, or when there is an intervening change in the law."  <u>Lima-Rivera v. UHS of P.R., Inc.</u>, 2005 WL 2095786 at *1 (D.P.R. Aug. 30, 2005)(citing <u>Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.</u>, 37 F.3d 25, 29 (1st Cir. 1994)).  Plaintiffs have made no showing, nor do we find, that any such circumstance is presented here.

Plaintiffs instead repeat arguments that we have already addressed in our January 17, 2006 opinion and order. <u>Docket Document No. 87</u>.

Civil No. 04-1639 (JAF)                                                    -2-

The First Circuit has repeatedly addressed motions brought under the present posture.

> This court has explained that a motion under Rule 59(e) is not appropriately used to present new issues or evidence: Rule 59(e) motions are aimed at *re*consideration, not initial consideration. Thus parties should not use them to raise arguments which could, and should, have been made before judgment issued. [Rule 59(e) motions] must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to argue a new legal theory.

Jorge Rivera Surillo, 37 F.3d at 29 (quoting Fed. Deposit Ins. Corp. V. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)); see also Venegas-Hernandez-Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004); Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003); Rivera-Garcia v. Ana G. Mendez Univ. Sys., 359 F. Supp. 2d 58, 59 (D.P.R. 2005).  Plaintiffs put forward nothing in the present motion that suggests a manifest error, or rely upon evidence that was not previously available to them.

We, therefore, **deny** Plaintiffs' motion for reconsideration.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 17th day of February, 2006.

                                              S/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                            Chief U.S. District Judge